IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY TAYLOR, | ) | |
| Plaintiff, | ) ) | Case No. 5:22ct03117 |
| v. | ) ) | **MEMORANDUM OPINION** |
| 4TH CIRCUIT COURT OF APPEALS, *et al.*, | ) ) ) | By: Hon. Thomas T. Cullen United States District Judge |
| Defendants. | ) ) | |

Plaintiff Michael Anthony Taylor, proceeding *pro se*, filed this civil action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), naming four federal judges, three federal courts, two law firms, and two attorneys as defendants. The matter is before the court for review under 28 U.S.C. § 1915. Having carefully examined Taylor's complaint, the court concludes that it is frivolous and fails to state a cognizable federal claim against any of the defendants. Accordingly, the court will dismiss the complaint pursuant to § 1915(e)(2)(B).

**I.**

Although Taylor's complaint is difficult to comprehend, he claims that the defendants violated his rights as follows:

> The right to default judgment against Stubbs Perdue, [a defendant law firm,] Christopher Venters, [a defendant attorney,] and to no dismissal of lawsuit based on enforcing a contract I have a right to rescind in 3 days. The right to no probation revocation and to conditional release. The right to judgment against California Mortgage Service Investors Title Company and against Cameron and Dreyfuss for unlawful loan denial and unlawful untimely loan denial notification.

(Compl. at 6 [ECF No. 1].)

In response to how each defendant acted under color of federal law, Taylor states:

> Each one of the defendants under cause to seize my effects (legal rights) under 5th Amendment and each defendant under due process of law deprivation of liberty and property allowed by 5th Amendment [and] by being end owed by their creator with certain unalienable rights (Declaration of Independence).

(*Id.*)

In response to when and where his claims arose, he states:

> At Route 1, Box 215, Wrightsville, GA 31096 and at U.S. District Court, East Temple Street, Los Angeles, CA. 1998-to-2000 the deprivation of rights to nondismissal of my lawsuit for civil rights violation of rights to loan or/and to adequate notice of loan decision.
>
> June 2015 probation revocation and re-civil commitment, 1998-to-2000 civil rights deprivation to civil rights suit against California Mortgage Service, 2020 to 2021 deprivation of rights to default judgment and nondismissal of lawsuit against Stubbs Perdue and Christopher Venters.

(*Id.* at 6−7)

In support of his claims, Taylor alleges:

> In 2015 at 503 Roberson Street, Dublin, Georgia, at Federal Medical Center, Butner, NC, at U.S. District Court, Raleigh, NC and 4th Circuit Court Richmond, CA the re-civil commitment when I said I only had new beer no alcohol in a court and when the threatening letters allegedly mailed said at the end I deny making threats if no charges filed which means I did threaten anyone to civilly commit me, deprivation of 5th Amendment due process rights to judgment for loan unlawfulness notice forfeiture of property rights to ownership 2020-2021 the deprivation of rights to default judgment for legal malpractice [and] to nondismissal of lawsuit [and] deprivation of nondismissal of suit against California Mortgage Service Investors Title Company,

> Los Angeles County Recorder's Office for loan application infractions [and] property rights deprivations.
>
> U.S. District Court, Los Angeles, CA, the deprivation of rights to nondismissal of civil rights suit against California Mortgage Service for rights to loans or to nonloan application decision timeliness not adhered to. Also for U.S. District Court Los Angeles, VA violating my civil rights to nondismissal of my suit against California Mortgage Service for loan unlawfully denied, decision on application untimely for loan application, for dismissal of my lawsuit against Millennium First Funding for untimely notice on loan application dismissal of my suit against Los Angeles County, California Recorder for not recording my Deed of Trust listing me as owner to a condo located at South Lafayette Park Place, Los Angeles, California and for dismissal of my lawsuit against Investors Title Company for not recording my property with the Los Angeles County Recorder Officer and for not providing me with the notarized copy of the Deed of Trust, against other defendants for deprivation of my civil rights to default judgment against Stubbs Perdue and Christopher Ven[t]ers for untimely filing of their answer to my complaint for legal malpractice achieved through fraud the the [*sic*] judge dismissed before deadline to answer for dismissing my complaint when I had right to jury trial for negligence for legal malpractice has case law has it that people have the legal right to rescind a contract within 3 days against courts for probation probation [*sic*] revocation and for re-civil commitment when my lawyer told Judge [(incomprehensible)] I had no beer, it was near beer and when I denied making threat in threatening letters (allegedly) which I'm in prison for.

(*Id.*)

As to injuries sustained, Taylor claims that he is:

> Unlawfully imprisoned (civilly committed) at Federal Medical Center, Butner, North Carolina (loss of freedom [and] loss of eating K[entucky] F[ried] C[hicken]) when it wasn't proven in trial with a conviction that 2 drunk beer that I threatened people in a letter when in that letter I said they lied that I made those threats that I said I denied at the end of that letter if no charges pressed. I lost millions of dollars from a jury trial verdict or my jury trial or motion for summary judgment, default judgment from dismissal of my suit for negligence for legal malpractice

>  against Stubbs Perdue and against Christopher Venters which them bending over trying to settle is evidence I would have won a jury trial verdict. I have 3 days to rescind a contract according to caselaw. The[y] lose nothing by the contract being allegedly breached as I would be liable for attorney fees if they would have pleaded it in their answer.

(*Id.* at 7.)

As relief, Taylor seeks:

> For all to be burned alive for treason for waging warfare against the United States for waging warfare against my civil rights (defined as the United States as any asset of the United States is denied as the United States) as caselaw of the U.S. Supreme Court is damages as will sooth the wounds of plaintiff and them being burn alive for their death penalty will. Their arrest for their reasons, civil rights violations, and treasonists [*sic*] civil rights violations though writ of assistance, $999,999,999,999, 999,999,999,999,999.99 plus all money, plus all assets. Actual damages $2,500.00 legal retainer paid to Stubbs Perdue and $500.00 for suit actual damages, punitive damages and for mental health distress and emotional distress due to their criminal and civil wrongs are very extremely devastating.

(*Id.*)

## II.

Taylor's complaint is wholly incomprehensible and, at best, his allegations are far too vague and conclusory to state a cognizable federal claim against anyone. The court is unable to discern any plausible *Bivens* claim against the named defendants. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (establishing a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights); Fed. R. Civ. P. 8(a) ("A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the

relief sought."). Where a complaint "lacks an arguable basis . . . in law," the court may *sua sponte* dismiss it as frivolous or for failure to state a claim under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327). Taylor's complaint is legally frivolous and fails to allege any facts which would state a cognizable federal claim against the named defendants. The court will therefore dismiss it under § 1915(e)(2)(B).

Moreover, Taylor cannot bring this action against any of the named defendants. Taylor's claims against defendant federal courts are barred by sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 483 (1994) (declining to extend *Bivens* remedy to federal agencies); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."); *Carter v. U.S. Dist. Court*, No. 2:12-1377-CMC-PJG, 2012 U.S. Dist. LEXIS 112164, at *6, 2012 WL 3150608, at *2 (D.S.C. July 13, 2012) (holding that a *Bivens* action may not be brought against departments or agencies of the United States, such as a United States District Court); *Edwards v. Fifth Circuit Court of Appeals,* No. 3:02-cv-0976-D, 2003 U.S. Dist. LEXIS 6915, at *8, 2003 WL 21500434 at *3 (N.D. Tex. Apr. 23, 2003) (holding that a plaintiff cannot obtain relief under *Bivens* against a federal court).

Taylor's claims against the defendant judges fail because the judges are shielded by absolute immunity.[1] Judges are absolutely immune from civil suits for acts committed within their judicial discretion.[2] *Stump v. Sparkman*, 435 U.S. 349, 355−56 (1978); *Cherdak v. O'Grady*, No. 21-cv-0141-PWG, 2022 U.S. Dist. LEXIS 35122, at *22−27, 2022 WL 599487, *8−10 (E.D. Va. Feb. 28, 2022) (applying judicial immunity in a *Bivens* case); *Matthews v. O'Grady*, No. 1:15-cv-1162 (LMB/TCB), 2016 U.S. Dist. LEXIS 12979, at *8−9, 2016 WL 438972, at *3 (E.D. Va. Feb. 2, 2016) (noting that most federal courts have determined that federal judges maintain absolute judicial immunity in *Bivens* actions, even for equitable relief). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09cv012, 2009 U.S. Dist. LEXIS 114247, at *6, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1976) (reasoning that judges are immune from suit to allow them complete freedom to exercise their judicial discretion without being concerned about possible consequences).

---

[1] Further, a *Bivens* action cannot proceed against the judge defendants in their official capacities. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2003). Such a suit would be tantamount to a suit against the United States, and it is well-settled that an action for damages under *Bivens* does not lie against the United States. *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (observing that "[a]ny remedy under *Bivens* is against federal officials individually, not the federal government").

[2] Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citation omitted). The court cannot find that either exception applies here.

Judicial immunity is an absolute immunity that protects a defendant not just from assessment of damages, but also from damages suits entirely. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Finally, Taylor may not bring a federal civil rights lawsuit against the defendant private attorneys or law firms. In *Bivens,* the Supreme Court recognized that federal courts have authority to award monetary damages to persons who prove deprivation of constitutional rights caused by the conduct of federal officials acting under color of federal law. 403 U.S. at 392. An attorney, whether retained or court-appointed, who defends a person against a criminal charge does not act under color of law in his or her representation of that person and therefore is not subject to suit under *Bivens. Cox v. Hellerstein,* 685 F.2d 1098, 1099 (9th Cir. 1982) (citing *Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (finding that defense counsel acting on behalf of state criminal defendant does not act under color of state law and so is not a "person" under § 1983)); *Hall v. Quillen*, 631 F.2d 1154, 1155−56 & nn. 2−3 (4th Cir. 1980) (holding the same for a court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (holding that same for a private attorney); *Bergara v. Chafin*, No. 7:07cv61, 2007 U.S. Dist. LEXIS 11584, at *4−5, 2007 WL 549114, at *2 (W.D. Va. Feb. 20, 2007) (holding that an attorney appointed to represent a criminal defendant in federal court proceedings is not subject to suit under *Bivens*). The Supreme Court has expressly held that a defense attorney appointed by a state court does not act "on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.' This is essentially a private function . . . for which state office and authority are not needed." *Polk County,* 454 U.S. at 318−19 (footnotes omitted). By the same reasoning, federal defense counsel does not act on behalf of the federal government in his or her representation of the defendant and is not subject to suit under *Bivens*

for actions taken during that representation.³ *Bergara*, 2007 U.S. Dist. LEXIS 11584, at *5, 2007 WL 549114, at *2 (citing *Cox,* 685 F.2d at 1099). Accordingly, Taylor's suit cannot proceed against the defendant attorneys.

### III.

For the reasons stated, the court will dismiss Taylor's complaint under § 1915(e)(2)(B).

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Taylor.

**ENTERED** this 25th day of July, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

³ To the extent this action could be construed as a 42 U.S.C. § 1983 action against the defendant attorneys and law firms, it nevertheless would fail for the same reasons.